UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN JOSEPH,

       Petitioner,                        Civil No. 06-864-HA

       v.                                  OPINION AND ORDER

T. BOLDT, et al.,

       Respondents.

HAGGERTY, Chief Judge:

       Petitioner filed for a Petition for Writ of Habeas Corpus relief on June 14, 2006.

Petitioner argues that the Bureau of Prisons (BOP) at the Federal Correctional Institution in

1 - OPINION AND ORDER

Sheridan, Oregon, denied him eligibility for a discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B) improperly. In their Answer [8], which this court construes as a motion for dismissal, respondents argue that the Petition should be denied on grounds that petitioner was denied eligibility for the sentence reduction properly and, moreover, petitioner filed his writ without first exhausting all available administrative remedies. For the following reasons, the Petition is denied.

## BACKGROUND

18 U.S.C. § 3621(b) directs the BOP to provide substance abuse treatment to prisoners who have a "treatable condition of substance addiction or abuse." As an incentive for prisoners to seek treatment, Congress made one-year sentence reductions available to prisoners who completed the substance abuse treatment programs. § 3621(e)(2)(B). These reductions were established in 1994. In the legislation, Congress mandated that only nonviolent offenders are eligible for a sentence reduction, and that the sentence reduction may not exceed one year. *Id*.

Prior to 1997, the BOP's implementing regulation and program statements defined "nonviolent" offense to exclude any conviction accompanied by the possession of a firearm or other dangerous weapon. *See* P.S. 5161.02 (July 24, 1995). The Ninth Circuit rejected this interpretation, holding that the BOP must define the term "nonviolent offense" in accordance with previous judicial interpretation, and concluding that firearm possession fell within the definition of a nonviolent offense. *Davis v. Crabtree*, 109 F.3d 566, 569 (9th Cir. 1997); *see also Downey v. Crabtree*, 100 F.3d 662, 667 (9th Cir. 1996) (a crime categorized as nonviolent for Sentencing Guidelines purposes must be construed as nonviolent for DAP eligibility).

In response, the BOP amended its regulation and program statements governing

prisoners' eligibility for early release. *See* 62 Fed. Reg. 53690 (Oct. 15, 1997) (1997 Interim Rule). Relying on the exercise of the BOP's discretion rather than on an interpretation of the term "nonviolent offense," the 1997 Interim Rule excluded the same prisoners from early release eligibility as those who were ineligible under the old rules. *Id*. Prisoners were ineligible for early release if their current offense was a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon. *Id*. The BOP acknowledged that some offenses excluded by the regulation were nonviolent offenses, but asserted that the implementing statute did not mandate that all nonviolent offenders must receive early release, and that the issue of sentence reduction eligibility was within the discretion of the BOP. *Id.* The 1997 Interim Rule was upheld as a valid exercise of the BOP's discretion. *See Lopez v. Davis*, 531 U.S. 230, 237-38 (2001) (affirming the Eighth and Ninth Circuits' analysis that the BOP permissibly exercised discretion in developing categorical exclusions); *Bowen v. Hood*, 202 F.3d 1211, 1218-20 (9th Cir. 2000) (same).

Although courts found the substance of the 1997 Interim Rule to be within the BOP's discretion, the rule was invalidated on a subsequent procedural challenge because it was promulgated in violation of the notice-and-comment provision of the APA. *See Paulsen v. Daniels*, 413 F.3d 999, 1004 (9th Cir. 2005).

On December 22, 2000, the BOP finalized the interim rules. *See* 65 Fed. Reg. 80,745 (Dec. 22, 2000) (2000 Final Rule). The substance of the 2000 Final Rule is unchanged from the 1997 Interim Rule, but the 2000 Final Rule cured the prior notice-and-comment deficiencies. This court upheld the 2000 Final Rule and concluded that the Rule was neither arbitrary, capricious, nor an abuse of discretion. *Williams v. Daniels*, Civil No. 05-1346, 2006 WL

3 - OPINION AND ORDER

2129789, *3 (D. Or. July 26, 2006).

Petitioner is in the custody of the BOP pursuant to a 2001 conviction for Conspiracy to Possess with Intent to Distribute and Distributing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Petitioner was sentenced to 100 months of incarceration and five years of post-prison supervision. Petitioner's projected release date is September 18, 2008, *via* Good Conduct Time Release calculations.

Although petitioner was accepted into the BOP's Residential Drug Abuse Program (DAP), he was denied eligibility for the discretionary one-year sentence reduction. In denying petitioner eligibility for the reduction, the BOP relied on petitioner's presentence report (PSI), which recommended a two-level increase in petitioner's base offense level under United States Sentencing Guidelines (hereinafter, U.S.S.G.) § 2D1.1(b)(1) because petitioner's offense of conviction involved possession of a firearm.

The PSI summarized statements from a co-conspirator and a cooperating witness who witnessed petitioner in the possession of a firearm. The co-conspirator stated that when he arrived at petitioner's residence to confront petitioner about some stolen items, he was greeted by an unidentified white male who put a gun to his head and ordered him inside the residence. Resp't Answer, ¶ 47. Later, when petitioner and the other two men climbed into a van, petitioner allegedly had the gun in his hand and laid it on the console. *Id.* The gun fell to the floor and discharged, and a bullet hit petitioner in the buttocks. *Id.* The cooperating witness stated that petitioner carried a nine-millimeter semiautomatic handgun in his waistband, which petitioner had nicknamed "nine-inch nails." Resp't Answer, ¶ 48.

## ANALYSIS

**1.      Denial of Eligibility for Sentence Reduction**

Petitioner argues that the BOP denied him eligibility for the sentence reduction improperly because (1) his sentence was not enhanced under § 2D1.1(b)(1); (2) the sentencing court did not resolve petitioner's presentence objection to the firearm enhancement; (3) the BOP lacked authority to deny petitioner eligibility for the sentence reduction based on hearsay statements of petitioner's co-conspirators; and (4) the sentencing court's subsequent denial of petitioner's Motion to Strike references to firearms from the presentence report neither resolves petitioner's objections nor provides a basis for denying petitioner eligibility for the sentence reduction. The court has considered petitioner's arguments and concludes that they lack merit.

The court notes at the outset that petitioner does not have a liberty interest in the discretionary sentence reduction available under § 3621(e)(2)(B). *Dozier v. Daniels*, 139 Fed. Appx. 902, 903 (9th Cir. 2005). The court must uphold the BOP's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(a); *see also Pac. Coast Fed'n of Fishermen's Ass'ns. v. U.S. Bureau of Reclamation*, 426 F.3d 1082, 1090 (9th Cir. 2005). The BOP need only articulate a rational connection between the facts found and the conclusions reached. *Midwater Trawlers Co-operative v. Dept. of Commerce*, 282 F.3d 710, 716 (9th Cir. 2002). The BOP's internal agency guidelines are entitled to some deference, though not the degree of deference given to published agency regulations. *Grassi v. Hood*, 251 F.3d 1218, 1220 (9th Cir. 2001).

The DAP Program Statement make an inmate whose guideline score has been increased by two levels under U.S.S.G. § 2D1.1(b)(1) ineligible for the discretionary sentence reduction.

Contrary to petitioner's assertion, the Program Statement does not require the BOP to cite to a sentencing court's minutes.  Rather, the Program Statement requires that the BOP deny an inmate eligibility for the sentence reduction based on the sentencing court's findings, as reflected in the PSI:

> At the time of sentencing, the court makes a finding of whether the offense involved the use or threatened use of force, *and this finding is reflected in the PSI section entitled "Offense Computation," subsection entitled "Specific Offense Characteristics*."  This subjection references a particular U.S. Sentencing Guideline that provides for an increase in the Total Offense Level if the criminal violation was committed with force.

PS 5162.04 at 11 (emphasis added).  As an example, the Program Statement describes a defendant who was convicted for manufacturing, distributing, or possessing with intent to distribute drugs, and whose base offense level was enhanced by two levels for possession of a firearm.  PS 5162.04 at 11-12.

The facts of this case fall squarely within the DAP Program Statement.  Petitioner was denied eligibility for the discretionary sentence reduction because his PSI reflected a finding that his base offense level should be enhanced by two levels because co-conspirators observed petitioner in possession of a firearm, making it "likely that weapon was possessed during a drug transaction."  Resp't Answer, Ex. B at 2.

Petitioner's reliance on *Hicks v. Hood*, 203 F. Supp. 2d 379 (D. Or. 2002), is misplaced. In that case, the sentencing court made conflicting statements about whether the inmate possessed a weapon and noted explicitly that other information about the firearm remained unresolved.  *Id.* at 382.  There, the court found that there "simply [was] not enough to support a conclusion that the petitioner's offense of money laundering involved the possession of a firearm."  *Id.*

6 - OPINION AND ORDER

Here, the sentencing court expressed no reservations about adopting the PSI, or the PSI's recommendation regarding the weapon enhancement. Although the parties have not provided this court a transcript of the sentencing proceedings, the record submitted provides no basis for concluding that the court rejected the PSI's recommended base offense level. This interpretation of the record is bolstered by the sentencing court's May 23, 2006 Order denying petitioner's Motion to Strike the statements regarding his possession of a firearm from his PSI. The court noted: "[P]etitioner had ample opportunity to challenge the [PSI] at sentencing. At that time, a specific finding was made that the co-conspirators' statements were credible. To change the [PSI] at this late date is not at option." Resp't Answer, Ex. F at 2.

It was neither arbitrary nor capricious for the BOP to conclude from the PSI's recitation of petitioner's preconviction involvement with firearms, which the sentencing court found credible, that petitioner might "pose a particular risk to the public" and so should not be granted early release. *See Williams*, 2006 WL 2129789 at *3, quoting *Lopez*, 531 U.S. at 236 ("pre-conviction conduct, involvement of firearms, and recidivism are factors that can aid in identifying those prisoners who might 'pose a particular risk to the public' and should not be granted early release").

**2.      Exhaustion of Administrative Remedies**

Even if the BOP's denial of eligibility were improper, dismissal of the Petition would be warranted by petitioner's failure to exhaust administrative remedies prior to filing this action. Although exhaustion of administrative remedies is not a jurisdictional prerequisite to the filing of a petition under 28 U.S.C. § 2241, the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief

under § 2241." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001) (citations omitted) (abrogated by *Fernandez-Vargas v. Gonzales*, __ U.S. __, 126 S. Ct. 2422 (2006)); *see also Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004).

This court has held repeatedly that absent evidence of futility or irreparable harm, a petitioner must exhaust the administrative remedies made available by the BOP before petitioning for a writ of habeas corpus in federal courts. *See, e.g.*, *Gant v. Daniels*, Civil No. 04-634, 2004 WL 2066741, *2 (D. Or. Sept. 15, 2004) (denying petition when petitioner did not submit any administrative requests before filing habeas action, was not due to be released until more than two years from date of Order, and no facts supported finding of futility or irreparable harm); *Ortiz v. Daniels*, Civil No. 04-330, 2004 WL 1609121, *1 (D. Or. May 11, 2004) (dismissing petition when petitioner did not exhaust administrative remedies, "failed to show affirmatively that the BOP's administrative appeal process would have been useless and made no affirmative showing of irreparable injury").

The BOP has established a three-level administrative remedy process. This process allows a prisoner to seek formal review of a complaint related to any aspect of his or her imprisonment. *See* 28 C.F.R. § 542.10, *et seq.* A prisoner must first file a BOP form at the institution where the prisoner is incarcerated. The Warden has twenty days to respond. If the prisoner's complaint is denied, the prisoner may appeal the decision to the BOP's Regional Directors. If the appeal is denied, the prisoner may appeal to the BOP's Office of General Counsel. The prisoner has exhausted administrative remedies when the Office of General Counsel has denied his or her appeal.

In this case, petitioner has not appealed any aspect of his conviction or sentencing. Nor

8 - OPINION AND ORDER

did petitioner submit any administrative requests before filing this action.  Instead, petitioner initiated this action nearly one month *before* he learned of the BOP's decision denying him eligibility for the one-year sentence reduction.

This court finds no reason to depart from the general requirement that a petitioner must first exhaust all available administrative and judicial remedies before petitioning for writ of habeas corpus in federal court.  Petitioner's scheduled release date is nearly two years from the date of this order, and petitioner has made no showing of irreparable injury or that pursuing the BOP's administrative appeal process would have been useless.  *Cf. Barq v. Daniels*, 428 F. Supp. 2d 1147, 1150 (D. Or. 2006) (waiving exhaustion requirement when petitioner "filed all necessary administrative requests for relief, but his request to the National Office [was] still pending"); *Williams*, 2006 WL 2129789, at *2 ("exhaustion would be futile because any administrative remedy is decided under the 2000 Final Rule, which itself is being challenged as invalid"); *Hicks*, 203 F. Supp. 2d at 382 (waiving exhaustion requirement because petitioner had "done everything within his power to expedite proceedings and pursue his administrative remedies" and petitioner's scheduled release date was less than four months from the date of the court's decision).  Accordingly, the Petition would also be denied on alternative grounds that petitioner failed to exhaust his administrative remedies prior to filing this action.

///

///

///

**CONCLUSION**

The court finds that the BOP denied petitioner eligibility for the discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e)(2)(B) properly.  Accordingly, petitioner's Petition for Writ of Habeas Corpus is DENIED.  Alternatively, the court would also GRANT respondents' motion for dismissal [8] on grounds that petitioner failed to exhaust his administrative remedies prior to initiating this action.

IT IS SO ORDERED.

DATED this   11   day of April, 2007.


       /s/ Ancer L. Haggerty
       Ancer L. Haggerty
       United States District Judge